[No. 524.   September 30, 1893.]

# TEXAS, SANTA FE & NORTHERN RAILWAY COMPANY, Plaintiff in Error, v. LIONEL D. SAXTON et al., Defendants in Error.

CONTRACTS—REFUSAL TO GRANT CONTINUANCE—APPEAL.—The appellate court will not review the action of the trial court in refusing to grant a motion for continuance, unless it appears that the court has abused its discretion.   Thomas v. McCormick, 1 N. M. 371.

ID.—ASSUMPSIT—DAMAGES—ADMISSIBILITY OF RECORD IN ANOTHER SUIT. In an action of assumpsit, on two certain written contracts therein set out and designated as "Contract A" and "Contract B," to recover damages sustained by plaintiffs by reason of having been prevented from completing their contracts, it was not error for the trial court to refuse to admit as evidence the record of the proceedings of said court in another case wherein the defendants in error obtained a decree against the plaintiff in error on a bill filed to enforce a mechanics' lien.

ID.—OBJECTION TO EVIDENCE, NOT TAKEN ON TRIAL—APPEAL.—An objection to evidence, not taken at the trial, will not be heard on appeal.

ID.—EVIDENCE, COMPETENCY OF.—Where, by the terms of said "Contract B," plaintiffs were to commence the work therein provided for on or about a certain time, and they failed to do so, it was competent for them to show that, though defendant notified them on or about that time that it' had arranged for them to begin the work, it failed to make the arrangement; this evidence being offered, not for the purpose of changing the terms of the contract, but to show the reason why plaintiffs did not complete their undertaking.

ERROR, from a judgment in favor of plaintiffs, to the First Judicial District Court, Santa Fe County. Judgment affirmed.

The facts are stated in the opinion of the court.

FRANCIS DOWNS for plaintiff in error.

EDWARD L. BARTLETT for defendants in error.'

The granting or overruling of a motion for continuance is a matter resting in the sound discretion of the

trial court, even in murder cases. Territory v. Kelly,
2 N. M. 292–301; Bish. Crim. Proc., sec. 951, and
cases cited; Thomas v. McCormick, 1 N. M. 371. See,
also, sec. 2048, Comp. Laws.

The prevention by one party of the performance
of a contract is equivalent to its completion by the
other when he is ready to perform. Baca v. Barrier,
2 N. M. 131–136.

In both contracts are certain conditions precedent,
existing on the part of the plaintiff in error, which it
never complied with nor attempted to comply with, and
which the defendants in error were notified by the
executive officer of the defendant company, its chief
engineer, it could not comply with. Dermott v. Jones,
2 Wall. 1–9; Same v. Same, 23 How. (U. S.) 220,
226–235.

FREEMAN, J.—This cause is now before the court
for the third time, and invokes the application of the
maxim, "interest rei publicae ut sit finis litium." The
original petition was filed in the district court for
the county of Santa Fe on the twenty-eighth day of
January, 1884. It was a suit brought by the defend-
ants in error to recover of plaintiff in error the sum of
$25,000, alleged to be due for work and labor per-
formed under two certain contracts therein set out and
nominated as "Contract A" and "Contract B." A
plea in abatement having been interposed, and issue
joined thereon, a jury was waived, and the court
found the issues in favor of the plaintiffs, and gave
judgment, refusing defendants' offer to plead over,
and refusing also to impanel a jury to assess the dam-
age. Without proof as to the amount of the plaintiffs'
damage, the court peremptorily rendered judgment in
their favor for $25,000, the amount claimed in their
petition. On appeal to this court the judgment was
reversed, and the cause remanded. 3 N. M. (Gil.) 443.
On the second trial in the court below the plaintiffs

(the defendants in error here) offered in evidence the two contracts sued on. The court excluded them, however, on the ground that the action was in assumpsit, and the contracts, being under seal, could not be read in support of that form of action. Judgment was therefore rendered in favor of defendant (the plaintiff in error here). On appeal to this court, however, it was held that, as the contracts were sealed by the private seal of the agent of the corporation, they were not specialties, and could, therefore, be received in evidence, and the judgment of the court below was, thereupon, reversed, and the cause again remanded. 4 N. M. (Gil.) 378. On the call of the cause on the third trial in the court below the defendant (the plaintiff in error here) moved the court for a continuance, the principal grounds assigned being that the attorney making the motion had been but recently employed; that the original attorneys in the cause "have either removed from the territory or have withdrawn from the case," and that the affiant was not familiar with the facts in the case, and had been misled by the attorneys for the plaintiffs, etc. The motion for continuance was overruled, and this action of the court is assigned for error. This was not, under the circumstances of this case, an error of which this court can take notice. It is now well settled that this court will not reverse the action of the court below in granting or refusing a motion for continuance, unless it appears that the court has abused its discretion. Thomas v. McCormick, 1 N. M. 371. The facts of this case fail to show that the discretion of the court was not properly exercised.

Refusal to grant continuance: review of on appeal.

The second assignment of error is that the court erred in permitting the introduction of the contracts between the company and L. D. Saxton, this being a suit in which the said Saxton and one Edward F. Browne are coplaintiffs, and there being nothing in

the contracts to show that Browne had any interest therein. This question was discussed and determined by this court in the case cited in 4 N. M. (Gil.) 383, wherein the court, after showing that Browne had an interest in the contracts, and that under the statutes of this territory (Comp. Laws, secs. 1884, 1888) suits are to be brought in the name of the real parties in interest, held that the joinder of Saxton and Browne as plaintiffs was proper. 4 N. M. (Gil.) 383.

The third assignment of error relates to the refusal of the court to admit as evidence the record of the proceeding of said court in another case wherein the defendants in error procured a decree against the plaintiff in error on a bill filed to enforce their mechanics' lien. There was no error in this. The former was an action under the statute to enforce their mechanics' lien, while the pending suit is to recover damages sustained by reason of having been prevented from completing their contract.

Admissibility of record in another suit.

As to the fourth and fifth assignments of error, neither of them is well taken. The proof shows that the defendants in error did not voluntarily abandon the work; and, as to the evidence of Irwin, that plaintiff in error notified defendants in error to prepare to commence work, under contract B, at a certain time, it is to be observed, in the first place, that it was offered and received without objection as to this particular. The whole deposition was objected to on the ground that the contracts were not with Browne and Saxton, but with Saxton alone, which objection, as we have seen, had already been disposed of. An objectionable question and answer contained in a deposition can not be reached by general objection to the deposition itself. Aside from the fact, however, that this particular evi-

Objection to evidence not taken at trial: appeal.

dence was not objected to when offered, it does not clearly appear that it was irrelevant or incompetent.

This evidence was not offered to change the terms of the written contract, but to show the reason why the defendants did not complete their undertaking. Under the terms of contract B, they were to commence the work provided for in that contract on or about the first day of August, 1882. The testimony objected to is that of Irwin, the engineer for the defendant corporation, who says that he notified Browne, late in July or early in August, 1882, that arrangements had been made by the company to commence the work; but he proceeds to state that the company failed to make the necessary arrangements, and this is given as the reason that Browne did not begin the work. There is no apparent error in the record, and the judgment will have to be affirmed, and it is so ordered.