## LOVATO v. STATE OF NEW MEXICO.

### ERROR TO THE SUPREME COURT OF THE STATE OF NEW MEXICO.

No. 123. Submitted November 16, 1916.—Decided December 11, 1916.

In a criminal case tried in a District Court of a Territory and coming here by way of the Supreme Court of the State into which the Territory was afterwards converted, defenses based on the Fifth and Sixth Amendments (in part not raised until the case reached the latter court) are within this court's jurisdiction to consider.

*Quære,* Whether under the Constitution a defense of former jeopardy is waived if not made before the prosecution has introduced its evidence in chief?

Defendant was arraigned and pleaded not guilty to an indictment for murder; on a day subsequent, without withdrawing the plea, he demurred to the indictment as not charging an offense. The demurrer being overruled, both sides being ready for trial, a jury was duly impanelled and sworn and the witnesses for both sides called and sworn, but on motion of the prosecuting officer the court dismissed the jury and directed that the defendant be arraigned anew. This was done forthwith, the accused pleaded not guilty again, and both sides being ready, the same jury was sworn once more and the trial proceeded to a conviction.

*Held,* (1) Not double jeopardy.

(2) Due process and the right to a jury, under the Fifth and Sixth Amendments respectively, did not require that a new jury be impanelled after the second arraignment and plea.

(3) Under the circumstances, dismissing the jury to allow of the second arraignment and plea, whether a necessary formality or not, was clearly permissible.

17 N. Mex. 666, affirmed.

THE case is stated in the opinion.

*Mr. T. B. Catron* for plaintiff in error.

*Mr. Frank W. Clancy,* Attorney General of the State of New Mexico, for defendant in error.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

In the District Court of the Territory of New Mexico the accused, on May 9th, 1910, pleaded not guilty to an indictment for murder. On May 24, 1911, without with-drawing his plea he demurred to the indictment on the ground that it charged no offence. The demurrer was overruled and, both parties announcing themselves ready for trial, a jury was impanelled and sworn and the witnesses for both sides were called and sworn. The record then states: "That thereupon it appearing to E. C. Abbott, Esq., District Attorney, that defendant had not been arraigned and had not plead since the overruling of defendant's demurrer, upon motion the court dismissed the jury and directed that the defendant be arraigned and plead." The accused was accordingly again at once arraigned and pleaded not guilty and, both sides again announcing themselves ready for trial, the same jury previously impanelled was sworn and the trial proceeded. At the close of the evidence for the prosecution the defendant moved for a directed verdict on the ground, among others, that the record showed that he had been formerly placed in jeopardy for the same offence, since it appeared that in the same case a jury had been impanelled and sworn and thereafter had been dismissed from a consideration of the case. The motion was denied and a conviction of manslaughter followed. The same ground was relied upon in a motion in arrest of judgment which was denied and from the judgment and sentence subsequently entered an appeal was prosecuted to the Supreme Court of the Territory.

Pending the appeal New Mexico was admitted to the Union and the case was heard by the Supreme Court of the State. In that court in addition to the contention as to former jeopardy the accused urged that he had been

denied due process of law and had been deprived of the right to a trial by jury because from the record it appeared that although a jury was impanelled before he was arraigned and pleaded not guilty, that jury was dismissed and it did not appear that any jury was impanelled after his arraignment and plea. The court held this contention to be without merit and concluded from a consideration of the common-law doctrine of former jeopardy, in the light of which it deemed the constitutional provision on the subject was to be construed, that the question concerning it was raised too late, since it was first presented to the trial court after the conclusion of the state's case. To the judgment of affirmance giving effect to these conclusions this writ of error was prosecuted. 17 N. Mex. 666.

As the case was tried in a territorial court, the denial of asserted rights based upon the Fifth and Sixth Amendments presents questions within our jurisdiction.

Without expressing any opinion as to the correctness of the ruling of the court below concerning the failure to promptly raise the question of former jeopardy, although on this record it may be conceded it presents a federal question, we pass from its consideration, since we think the contention that the accused was twice put in jeopardy is wholly without merit. Under the circumstances there was in the best possible view for the accused a mere irregularity of procedure which deprived him of no right. Indeed, when it is borne in mind that the situation upon which the court acted resulted from entertaining a demurrer to the indictment after a plea of not guilty had been entered and not withdrawn, it is apparent that the confusion was brought about by an over-cautious purpose on the part of the court to protect the rights of the accused. Whether or not under the circumstances it was a necessary formality to dismiss the jury in order to enable the accused to be again arraigned and plead, the action taken was clearly within the bounds of sound judicial discretion.

*United States* v. *Perez,* 9 Wheat. 579, 580; *Dreyer* v. *Illinois,* 187 U. S. 71, 85–86. See *United States* v. *Riley,* 5 Blatchf. 204, in which the facts were in substance identical with those here presented.

As to the contention concerning the denial of due process and the right to jury trial, it is not disputed that in the first instance a jury was legally impanelled. The argument is, however, that constitutional rights of the accused were violated because after the order of dismissal and the plea of not guilty there was a failure to impanel a jury, although the same jury previously drawn was at once sworn and tried the case. But we think the absolute want of merit in the proposition is manifest from its mere statement and is additionally demonstrated by what we have previously said.

*Affirmed.*