146 P.2d 865

ASKEW et al. v. RICE.

No. 4798.

Supreme Court of New Mexico.

March 8, 1944.

Iden, Adams & Johnson, of Albuquerque, for appellant.

John R. Brand, of Hobbs, for appellees.

THREET, Justice.

This is an action instituted by appellees against the appellant to recover upon a promissory note and for the foreclosure of a lien upon certain shares of stock in the Parquay Royalty Company Inc., attached to the note as security. From a judgment in favor of appellees for the full amount of the note and the foreclosure of the lien, appellant appeals.

The only error assigned by appellant is that the court erred in denying defendant's motion for continuance. In considering this question, it will be well to consider, briefly, the history of the case leading up to the time of the overruling of appellant's motion for continuance.

The complaint was filed on the 15th day of May, 1942; on the 18th day of June, appellant filed a plea in abatement; on the 3rd day of July, appellees filed their motion to strike the plea in abatement which was sustained by the court on July 14th; on August 1st, appellant filed his answer, admitting the execution of the note in suit and setting up in his answer certain affirmative defenses; on August 27th, appellees filed their reply to the answer and

answer to the special defenses pleaded by appellant; on the 15th of October, appellees filed notice of waiver of jury trial and on October 26th, appellant filed his election to try the case before a jury and deposited the jury fee. The case was placed upon the jury trial docket to be tried before a jury at the February Term of the District Court, 1943.

On February 22nd, 1943, the first day of the term, appellant filed his motion for continuance, supported by a certificate of a doctor, that he was physically unable to be present at the trial, due to an injury and that he was the only person by whom the facts alleged in his answer could be established. The certificate of the doctor is as follows:

"Estancia, N. M.
"Feb. 21, 1943.

"To Whom It May Concern:
"This is to certify that Mr. C. T. Rice has recently been a patient under my professional care and at present is in Albuquerque in a hospital there. His condition may require a surgical operation before he is in a condition to return to normal activities again. In my opinion he will be in the hospital 30 days or longer.

"Respt.
"J. H. Wiggins, M.D."

The motion for continuance came on for hearing before the court on the 23rd day of February, 1943, the day the case was set for trial. The trial court not being satisfied with the showing made by appellant, an agreement was entered into between counsel for the respective parties and the court, viz., "that a telephone call be placed to the doctor at the Veterans Hospital at Albuquerque, and that his (the doctor's) statement might be taken by the court as to Rice's condition." The court, in the presence of the counsel for the respective parties, contacted Doctor Flack of the Veterans' Hospital at Albuquerque, New Mexico, who reported that appellant had an old case of lumbago and there was nothing to prevent him from traveling to and being in attendance on the court. Upon receipt of this information, the motion for continuance was denied.

There is nothing in the record to indicate why such a novel proceeding was resorted to unless it be the discrepancy between the motion and the certificate of Doctor J. H. Wiggins. The motion recited that the appellant was suffering from an injury which would be more fully described and set forth in the statement of the physician, but upon referring to the certificate of the doctor no mention is made of any injury suffered by appellant. All that the certificate of the doctor says is that appellant had recently been a patient under his professional care.

 Appellant concedes the rule to be, as has been announced by this court, that the granting or refusal of a continuance is in the discretion of the court, and will not be disturbed upon appeal, unless there has been an abuse of discretion. Texas, S. F. & N. Ry. Co. v. Saxton, 7 N.M. 302, 34 P 532; First National Bank of Tucumcari v Lutz, 28 N.M. 615, 216 P. 505; Territor··

v. McFarlane, 7 N.M. 421, 37 P. 1111; Territory v. Padilla, 12 N.M. 1, 71 P. 1084; Territory v. Lobato, 17 N.M. 666, 134 P. 222, L.R.A.1917A, 1226; Lovate v. State of New Mexico, 242 U.S. 199, 37 S.Ct. 107, 61 L.Ed. 244; State v. Renner, 34 N.M. 154, 279 P. 66.

The general rule is that counter affidavits or oral evidence may be used to show want of diligence, or want of good faith in making the application for continuance. 17 C.J.S., Continuances, § 98, p. 266.

In the case of Hall v. Florida State Drainage Land Company, 89 Fla. 312, 103 So. 828, 830, the defendant filed a motion for continuance based upon an allegation, among others, that the defendant and his principal witnesses were old and feeble and because of their age and health they were unable to attend the trial. Upon a hearing of the motion several witnesses were called and testified denying many of the material facts in the affidavit of the defendant. The Supreme Court in sustaining the trial court's action in denying the motion said:

"In jurisdictions where the application for a continuance is addressed to the discretion of the trial court, the introduction of affidavits or parol evidence in opposition to the motion is permitted. In passing upon a motion for continuance, the trial judge is vested with a broad discretion. In order that such discretion may be soundly and justly exercised, there must also exist the power for that judge, within reasonable limits, to further inform and enlighten himself, if necessary, upon the matters presented by the movant in support of the motion for continuance. * * *"

In the case at bar, the appellant, having consented that the trial court could, by telephone, further enlighten itself upon the matter presented by the motion, viz., the physical condition of appellant, and agreeing that the information thus obtained be taken by the court as bearing upon appellant's condition, is bound thereby.

No doubt the court would have granted appellant's motion if the information obtained from Doctor Flack had sustained his contention that he was physically unable to attend the trial, but that information being in direct conflict with the ground set forth in the motion, the trial court was warranted in overruling the motion and, in so doing, did not abuse its discretion.

Finding no error, the judgment will be affirmed, and it is so ordered.

SADLER, C. J., and MABRY and BICKLEY, JJ., concur.

BRICE, J., did not participate.