**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**J. W. PRIDGEON, Defendant-**
**Appellant.**

**No. 72–1351**
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

June 30, 1972.

Rehearing Denied July 21, 1972.

John F. Roscow, III, S. L. Scruggs, James L. Tomlinson, Carmichael, Roscow & Pridgeon, Gainesville, Fla., for defendant-appellant.

William H. Stafford, Jr., U. S. Atty., Pensacola, Fla., Stewart J. Carrouth, Asst. U. S. Atty., Tallahassee, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

Appellant, J. W. Pridgeon, was convicted by a jury of receiving, concealing,

---

3. In view of this Court's summary action, Fryer's motion for appointment of counsel on appeal is denied.

\* [1] Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

and storing a tractor, knowing the same to have been stolen from interstate commerce, in violation of 18 U.S.C.A. § 2313. He appeals that conviction, alleging that an earlier mistrial was an abuse of discretion and amounted to a violation of his Fifth Amendment rights against being twice put in jeopardy. Finding Pridgeon's allegations without merit, we affirm.

The first indictment against Pridgeon charged him with receiving the tractor on January 3, 1971, whereas the actual date of alleged receipt was one year earlier. Pridgeon plead not guilty, and a jury was empaneled. At that time the jurors were admonished by the trial judge not to discuss the case with "the parties, attorneys or witnesses" or with "anyone else." After the noon recess of the first day of the trial, several instances of alleged jury misconduct were brought to the attention of the district judge. An in-camera hearing revealed that one juror had been seen talking to one of Pridgeon's witnesses during the morning recess and to Pridgeon's wife and daughter-in-law during the noon recess. Based upon this information the able district judge declared a mistrial. Pridgeon was later indicted on the same offense, but with the alleged date of receipt of the tractor listed as January 3, 1970. At the later full trial he was convicted, and he appeals.

■■■■ Mistrial is a matter within the sound discretion of the trial judge. *See* United States v. Perez, 1824, 9 Wheat. 579, 6 L.Ed. 165. It is the trial judge who must first assess the effect of any alleged misconduct on the overall fairness of the trial and as to any possible prejudice to the defendant. Pridgeon asserts that the trial judge abused his discretion in this instance because the juror who spoke to the witness and to Pridgeon's relatives spoke only of mundane things, totally unrelated to the trial. While that may be entirely true, the trial judge has no way of ascertaining the true content of conversations that took place in violation of his express order. In addition, the juror may

have developed some subtle emotional inclination toward the defendant from her conversations with the defense witnesses and the defendant's relatives. It goes without saying that the prosecution, just as the defense, is entitled to a fair trial. Pridgeon asserts that the trial judge also abused his discretion because he could have adopted one of the less drastic alternatives to a mistrial, for example F.R.Crim.Pro. 23(b). While it is true that there are alternatives to a mistrial, we cannot say under the circumstances of this case, taking into account the Government's objections, that the trial judge abused his discretion by not adopting one of the alternatives.

■■ Finally, Pridgeon contends that his conviction resulted from the fact that he was twice put in jeopardy in violation of his Fifth Amendment rights. However, we conclude that even if the offense charged in the two indictments were the same in fact and in law and even if the first indictment were sufficient to support a conviction, *see* F.R. Crim.Pro. 7; Lopez v. United States, 1 Cir. 1926, 17 F.2d 462, Pridgeon's Fifth Amendment rights were not violated by a mistrial and subsequent conviction at a later trial before a different jury. Beginning with United States v. Perez, *supra*, courts have uniformly declared that the double jeopardy provision of the Fifth Amendment attaches in a mistrial situation only when the trial judge abuses his discretion in concluding that "taking all the circumstances into consideration, there is a manifest necessity for the . . . [mistrial], or the ends of public justice would otherwise be defeated." United States v. Perez, 9 Wheat. at 580. *See also* Thompson v. United States, 1894, 155 U.S. 271, 15 S.Ct. 73, 39 L.Ed. 146; Gori v. United States, 1961, 367 U.S. 364, 81 S.Ct. 1523, 6 L. Ed.2d 901.

> "This Court has long favored the rule of discretion in the trial judge to declare a mistrial and to require another panel to try the defendant if the ends of justice will be best served . . . ."

Brock v. North Carolina, 1952, 344 U.S. 424, 427, 73 S.Ct. 349, 350, 97 L.Ed. 456, 459; *see also* Lovato v. New Mexico, 1916, 242 U.S. 199, 37 S.Ct. 107, 61 L. Ed. 244. Moreover, in the instant case it is the indiscretions of *defendant's* witness and relatives that reasonably prompted the trial judge's concern regarding the fairness of the first trial. *See* Downum v. United States, 1963, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100. We cannot say that a single incorrect date in an indictment, an empaneled jury, and one-half day of testimony amount to a deprivation of Pridgeon's constitutional rights by allegedly placing him twice in jeopardy. Thus, Pridgeon's conviction must be affirmed.

Affirmed.