THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ROBERT L. COBB *et al.*, Defendants-Appellees.

(No. 73-105;

Fifth District—May 20, 1974.

Robert H. Rice, State's Attorney, of Belleville (Charles H. Stegmeyer, Assistant State's Attorney, of counsel), for the People.

Robert E. Farrell and Martin Carlson, of State Appellate Defender's Office, of Mt. Vernon, for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

This is an appeal by the State from an order of the Circuit Court of St. Clair County barring further prosecution of defendants on an armed robbery charge, the trial court, on its own motion, having previously declared a mistrial.

Defendants first came to trial on December 4, 1972, and during the testimony of the first witness, a mistrial was declared on motion of defendants because of the State's failure to comply with a pre-trial discovery motion. Prior to commencement of a new trial on December 11, before a different judge, counsel for defendants suggested that instead of selecting a new jury the same jury should be used as was empaneled for the first trial. The State agreed and the court then spoke to each defendant individually informing them of their rights and obtaining their consent to the use of such jury. He then informed the jury of the proposed procedure, and after determining that there was no reason that they could not give defendants a fair trial, they were sworn. At this point the State objected for the first time, but the court denied the objection stating that having once stipulated and having agreed to the procedure it could not now withdraw from such stipulation. The State then claimed a right to 12 peremptory challenges and endeavored to exercise that right against the entire panel. This, also, the court denied and the proceeding was recessed for lunch. Following the recess the court announced that having reconsidered the State's objection he was declaring a mistrial. Defendants objected, stating they were ready for trial, and moved for dismissal of the charges against them. The case was then continued for reassignment to another judge to hear such motion.

On December 15 the cause came before a third judge on the motion in bar and plea of double jeopardy. After a hearing the court made the following findings: (1) that the jurors selected in defendants' original trial were impaneled and sworn to try the issues in the second trial pursuant to a stipulation by the defendants and the State; (2) that the State then raised an objection to the jury and sought to exercise its challenges; (3) that the trial court declared a mistrial over defendants' objections; and (4) that there was no showing in the record that to proceed

to trial with the same jury would result in injustice to either the defendants or the State. Based on these findings the court entered an order barring further prosecution of defendants for the offense with which they were charged and directed their release from custody.

It is not disputed that defendants were placed in jeopardy when the jury panel was accepted and resworn. Also, it is agreed that whether the court exceeded its authority in discharging the jury without giving rise to a valid claim of double jeopardy is governed by the principle originally set forth in *United States v. Perez,* 9 Wheat. 579, 6 L.Ed. 165, to the effect that such action is proper only when "* * * there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated." The question posed, therefore, is whether the circumstances of this case bring it within said manifest necessity rule.

■■ While it is true that not every mistrial necessarily gives rise to a valid claim of double jeopardy, nonetheless the right not to be put twice in jeopardy for the same offense is a substantial right which should be zealously guarded. (*People v. Laws,* 29 Ill.2d 221.) Also, it has been established that to justify a declaration of a mistrial over the objection of a defendant under the *Perez* rule it must appear that an impartial verdict cannot be reached, or, if a verdict of conviction could be reached, that it would have to be reversed on appeal due to an obvious procedural error. *Illinois v. Somerville,* 410 U.S. 458, 35 L.Ed.2d 425, 93 S.Ct. 1066.

■■ Under these rules the State argues that the denial of its right to exercise its peremptory challenges constituted error which would have made a reversal on appeal a certainty. We find some difficulty understanding this argument. As indicated by the record, and as found by the judge who ruled on the plea in bar, the jury was sworn only after the State had stipulated to proceeding with the jury as previously empaneled. By so stipulating the State necessarily waived its right to challenge the jury, and it can hardly be said that the court denied it a right which it had waived. Presumably, it agreed to accept this jury because it had already exercised its challenges originally and the panel had then proved acceptable. Also, the argument just does not track when it is concluded that if the case had proceeded to a conviction then reversal on appeal would have necessarily followed because of the error. It is not explained how defendants would be entitled to a reversal for an error denying a right of the State and not one of their own. In any event, apart from whether or not the State had waived its right to its peremptory challenges, it has been specifically held that, after a jury has been accepted and sworn, a prior improper restriction of the State's right to its challenges does not constitute such error as would defeat

the ends of public justice so as to justify granting a mistrial on the State's motion. (*People v. Friason*, 22 Ill.2d 563.) The court concluded that under such circumstances to retry the accused constituted a violation of his constitutional rights, that he should have been discharged after the declaration of a mistrial, and that to hold otherwise would so enlarge the *Perez* rule as to render nugatory the basic constitutional guaranty against double jeopardy. We agree, and find such case dispositive of the issue before us.

██ Next the State suggests that reprosecution should not be barred because the mistrial did not result from any prosecutorial misconduct intended to harass defendants, and the delay in selecting a new jury would have been minimal. However, neither misconduct on the part of the State, nor the difficulty of selecting another jury, has any bearing on the matter. As stated in *United States v. Jorn*, 400 U.S. 470, 27 L.Ed. 2d 543, 91 S.Ct. 547, the purpose of the double jeopardy clause is to protect a defendant's valued right to have a trial completed by a particular tribunal, and the right is not limited to cases of prosecutorial or judicial overreaching, but applies to any situation in which a mistrial is improperly declared without defendants' consent.

The State has endeavored to support its contentions with the citation of a number of cases in each of which it was determined that a declaration of mistrial was justified. However, each case must be judged on its on facts, and a review of the State's cases clearly reveals the soundness of the *Perez* rule. All of them involved some error or event which rendered it impossible for an impartial verdict to be reached, or which would unquestionably have resulted in reversal on appeal if the trial had proceeded to a guilty verdict. *United States v. Perez*, 9 Wheat. 579, 6 L.Ed. 165; *Logan v. United States*, 144 U.S. 263, 36 L.Ed. 429, 12 S.Ct. 617, and *Dreyer v. Illinois*, 187 U.S. 71, 47 L.Ed. 79, 23 S.Ct. 28, all involved cases of a hung jury. In *Wade v. Hunter*, 336 U.S. 684, 93 L.Ed. 974, 69 S.Ct. 834, a tactical situation made it impossible to complete a court martial held in the field. In *Thompson v. United States*, 155 U.S. 271, 39 L.Ed. 146, 15 S.Ct. 73, after the jury was sworn it was discovered that one of the jurors was disqualified because he had served on the grand jury which indicted the defendant. In *Lovato v. New Mexico*, 242 U.S. 199, 61 L.Ed. 244, 37 S.Ct. 107, when the prosecution realized that the defendant had never entered a plea, the jury was discharged to allow the defendant to plead, and the same jury was resworn. In *Illinois v. Somerville*, 410 U.S. 458, 35 L.Ed.2d 425, 93 S.Ct. 1066, the indictment failed to charge an offense.

██ In the case before us there is no suggestion whatsoever that either side could not have received an impartial verdict had the trial continued,

nor, as above discussed, could a conviction have been upset even if it were considered an error to have denied the State its peremptory challenges. Under such circumstances we find that the order barring further prosecution of defendants was proper.

The judgment of the Circuit Court of St. Clair County is affirmed.

Affirmed.

G. MORAN, P. J., and EBERSPACHER, J., concur.