## Case No. 16,164.

### UNITED STATES v. RILEY.

[5 Blatchf. 204.] [1]

Circuit Court, S. D. New York.   Feb. 13, 1864.

CRIMINAL LAW—FORMER JEOPARDY—PROVINCE OF JURY — ARGUMENTS OF COUNSEL — CONSTITUTIONAL LAW—INTERNAL REVENUE LAWS.

1. Where a jury was empanelled and sworn, to try an indictment, before the defendant had been arraigned or had pleaded to the indictment, and that jury was dismissed, and, after the defendant had pleaded, a new jury was empanelled and sworn, by whom the indictment was tried, and the defendant was convicted: *Held*, that the defendant was not twice put in jeopardy by the proceeding.

[Cited in Disney v. Com., 5 S. W. 361.]

2. In the courts of the United States, the jury are not the judges of the law, in a criminal case.

[Cited in State v. Burpee, 65 Vt. 28, 25 Atl. 972.]

3. The case of U. S. v. Morris [Case No. 15,815], cited and approved.

4. On the trial of an indictment, it is proper for the court to require the question of the constitutionality of the act on which the indictment is founded, to be argued to the court, instead of to the jury.

[Cited in Sparf v. U. S., 156 U. S. 79, 15 Sup. Ct. 284.]

5. On the trial of an indictment for carrying on the business of a retail dealer in liquors, on a day named, without having taken out a license therefor, as required by the internal revenue law, evidence is competent, of the sale of a glass of liquor on the next subsequent day, from a store long occupied by the defendant, and in a bar room therein fitted up as a retail liquor shop.

6. An internal revenue law, which lays an uniform tax, and provides for its collection, in territory where forcible resistance to its collection shall take place, as soon as such resistance shall be put down, is not open to the objection that the tax laid is not uniform throughout the United States.

7. Congress has power to pass a law imposing a license duty on those who are engaged in a business which is a subject of police regulation by the states.

The defendant [James Riley] was indicted for a misdemeanor, in carrying on the business of a retail dealer in liquors, without having taken out a license therefor, as required by the act of July 1, 1862 (12 Stat. 432), commonly known as the "Internal Revenue Act," and by the amendments to that act made by the act of March 3, 1863 (Id. 713). The defendant was convicted, and now moved for a new trial.

E. Delafield Smith, U. S. Dist. Atty.

John McKeon, for defendant.

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

SHIPMAN, District Judge. I will notice the grounds urged on the motion for a new trial in this case, in the order in which they have been presented to the court.

The first is, that, after a jury had been empanelled and sworn, they were dismissed from the box and a new jury was empanelled and sworn, which tried the cause. It is insisted that the defendant was twice put in jeopardy, by this proceeding. The facts are these: The jury was empanelled and sworn, by inadvertence, before the prisoner had been arraigned, or had in any manner answered to the indictment. The prisoner was, in contemplation of law, coram non judice. The proceeding in empanelling the jury at that time was a mere nullity. The defendant could not have been required to proceed to trial. It was, therefore, not merely in the discretion, but it was the duty, of the court, to disregard the irregular proceeding, and, after the prisoner had been arraigned and had pleaded to the indictment, to direct the jury to be empanelled in the regular order. No injury was done to the defendant. The jury which tried him were drawn from the whole panel, including all those who had been irregularly sworn. The defendant had not been put in any jeopardy. No step had been taken in the proceedings, that affected him, or that could, in any manner, have resulted in touching his rights. No case has been cited which would warrant the claim set up by the defendant, that he has been put twice in jeopardy. Courts have some discretion in protecting the administration of justice, and they have gone much farther, in the exercise of that discretion, than the court went in this case. U. S. v. Morris [Case No. 15,815]. The motion on this ground cannot be sustained.

The second ground upon which a new trial is asked is, that the court refused to instruct the jury, that they, and not the court, were judges of the law, in criminal cases. This is no new question in the courts of the United States. Whatever may have been the views of some of the judges of those courts, in the early days of the republic, it is well understood, that the settled practice of those tribunals has, for many years, been in accordance with that followed on this trial. Nor does this view of the law rest, as the counsel for the defendant seems to suppose, on the single decision of Mr. Justice Story, in the case of U. S. v. Battiste [Id. 14,545], cited and criticized on the argument. The same question was considered at length, after full argument, by that eminent jurist, Mr. Justice Curtis, in the case of U. S. v. Morris [supra]. In a luminous and able opinion, he considers the state of the English law at the time of the adoption of the federal constitution, and conclusively shows, that, when that constitution was founded, it was the settled rule of the common law, that, in criminal cases, the court

decided the law, and the jury the facts. He also shows, that the legislation of congress has proceeded on the idea that such was the law, for, the 6th section of the act of April 29, 1802 (2 Stat. 159), provides, that, in case of a division of opinion between the judges of the circuit court, on any question arising in a criminal case, such question may be certified to the supreme court, "and shall, by said court, be finally decided," and that "the decision of the supreme court, and their order in the premises, shall be remitted to the circuit court, and be there entered of record, and shall have effect according to the nature of the said judgment and order." Mr. Justice Curtis well puts the question: "Now, can it be, after a question arising in a criminal trial has been certified to the supreme court, and there, in the language of this act, finally decided, and their order remitted here, and entered of record, that, when the trial comes on, the jury may rightfully revise and reverse this final decision?" I think but one answer can be given to this question, and, if it were an open one, I should have little hesitation in overruling the claim of the defendant in this case. But I regard it as already authoritatively settled, and I cannot conclude this brief reference to the law, in more impressive and fitly chosen words, than those with which the learned judge closes the opinion which I have already cited: "A strong appeal has been made to the court by one of the defendant's counsel, upon the ground that the exercise of this power by juries, is important to the preservation of the rights and liberties of the citizen. If I thought so, I should pause long before I denied its existence. But a good deal of reflection has convinced me, that the argument drawn from this quarter is really the other way. As long as the judges of the United States are obliged to express their opinions publicly, to give their reasons for them, when called upon in the usual mode, and to stand responsible for them, not only to public opinion, but to a court of impeachment, I can apprehend very little danger of the laws being wrested to purposes of injustice. But, on the other hand, I do consider that this power and corresponding duty of the court, authoritatively to declare the law, is one of the highest safeguards of the citizen. The sole end of courts of justice is to enforce the laws uniformly and impartially, without respect of persons or times or the opinions of men. To enforce popular laws is easy. But, when an unpopular cause is a just cause, when a law, unpopular in some locality, is to be enforced there, then comes the strain upon the administration of justice; and few unprejudiced men would hesitate as to where that strain would be most firmly borne. I have entered thus at large into this important question, in the course of a jury trial, with unaffected reluctance. Having been directly and strongly appealed to,

and finding that no judge of any court of the United States had, in any published opinion, examined it upon such grounds that I could feel I had a right to repose on his decision without more, I knew not how to avoid the duty which was thus thrown upon me. My firm conviction is, that, under the constitution of the United States, juries, in criminal trials, have not the right to decide any questions of law; and, if they render a general verdict, their duty and their oath require them to apply to the facts, as they may find them, the law given to them by the court."

The third error alleged is, that the court required the counsel to argue the question of the constitutionality of the law under which the defendant was indicted, to the court instead of the jury. It is difficult to see what error there could be in this. The main question, as to the branch of the court to which belonged the power of deciding the law of the case, had been determined, and it would seem that ordinary regularity and decorum would require that the argument on that question should be addressed to that branch of the court which was to decide it, instead of to the one which had no rightful power over it. The court certainly understood the counsel, when the question was raised on the trial, to acquiesce entirely in this view of the matter. But, in any aspect of the question, the court is of opinion, that the direction given, to argue the question of the constitutionality of the law to the court, was no more an error, than it would have been to direct the counsel to go to the jury on the facts. While the jury are the exclusive judges of the fact, the court is the exclusive judge of the law, and the orderly and decorous conduct of a trial would seem obviously to indicate, that the arguments of counsel upon each of these features of the case, should be severally addressed specially to that branch of the tribunal to which their decision appertains.

The fourth ground on which this motion rests is, that the court allowed a witness to give evidence of a specific sale of liquor by the defendant, at his place of business, after the day alleged in the indictment. The indictment was for carrying on the trade or business, &c. It was, in the nature of the case, a continuous transaction, and, although a day had to be alleged, the exact time is never material, in such a case, on the proof. The evidence of this witness went to the jury, with caution from the court, that the fact of the sale made on the day testified to by him, was not conclusive proof of the fact alleged in the indictment, but only tended to prove it. The day alleged was the 6th of June, and the witness stated, as I find from my minutes, that the transaction alluded to by him took place on or about the 7th. The fact went to the jury with the remark of the court, addressed to them, that the fact testified to was only to

be regarded by them, so far as it tended to prove the business carried on by the defendant at the place in question, on or before the 6th of June. The fact that the defendant sold the witness a glass of liquor on the 7th, from a store long occupied by him, and in a bar room in that store, fitted up with all the paraphernalia of a regular retail liquor shop, certainly tended to prove that the same business was carried on there the day before.

The fifth and last ground on which a new trial is asked, is the allegation that the act requiring the license to be taken is repugnant to that clause of the constitution of the United States which provides, that "all duties, imports, and excises shall be uniform throughout the United States." The court is referred to the 37th section of the act, which recognizes the well known fact, that the execution of the law might be resisted, and even temporarily prevented, within the limits of some states or other territory of the United States, and provides for the collection of the tax as soon as the de facto authority of the government should be reestablished therein. But this recognition of this possible and probable state of things by congress, furnishes no valid objection to the law itself. The law is uniform, and thereby conforms to the constitution. Its validity does not depend on the celerity or uniformity with which it can be executed in some disturbed districts of the country. Tax laws, both state and national, are required to be uniform. This is an elementary principle of legislation, resting upon the solid foundation of justice. But it is a novel doctrine that a law, uniform in its provisions, can be annulled by the refusal of a portion of those on whom it is designed to operate, to comply with its provisions. If this notion were to prevail, civil commotion, or foreign invasion, within a small district of the country, would paralyze the government, and repeal the fundamental law upon which its existence depends. The very resistance of this defendant thus far to the law, shows that its execution has not been uniform; but it would not be soberly argued that this fact has the remotest effect upon the validity of the act itself. The recognition of the fact by congress, in the act itself, that its execution might be forcibly delayed in some parts of the country, by combinations of individuals, until they should be put down by arms, can no more affect its binding force, than could the recognition of the fact that its execution might be delayed by this defendant, or any number situated like him, until its enforcement upon him or them should be effected through the power and according to the forms of a judicial tribunal.

Some suggestions were made, on the argument, as to the power of congress to pass a law imposing a license duty on those who are engaged in a business which is a sub-

ject of police regulation by the states. These questions have been disposed of by Mr. Justice Nelson, and. therefore, require no discussion in this place.

I have given the questions raised in this case as full an examination as the brief time since the argument yesterday would allow, and am entirely satisfied that the motion should be overruled on all the grounds.