STATE OF MISSOURI, Defendant in Error, v. JOHN WILLIARD, Plaintiff in Error.

St. Louis Court of Appeals, January 21, 1890.

Criminal Law: PRACTICE: ARRAIGNMENT. When the trial is had before the court sitting as a jury, the fact that the prisoner was arraigned after some of the evidence had been received will not invalidate the conviction of the prisoner.

The State v. Williard.

*Error to Oregon Circuit Court.*—HON. J. F. HALE, Judge.

AFFIRMED.

*Evans, Clark & Smith,* for the plaintiff in error.

*Alex. Miley,* for the defendant in error.

ROMBAUER, P. J,, delivered the opinion of the court.

The defendant was indicted and convicted of the crime of petit larceny. The trial was had by the court without a jury. There is no bill of exceptions in the record, nor have any briefs been filed on either side. An examination of the record proper, as well as a motion in arrest, which the clerk without legal warrant embodied in the record, leads us to conclude that the defendant complains of not having been arraigned at the proper time. The record shows that, after evidence on part of the state was heard, the defendant was arraigned and plead not guilty, and that the trial thereupon proceeded, resulting in his conviction.

In *State v. Weber,* 22 Mo. 321, a conviction was sustained, although the prisoner was not arraigned before the trial began. The jury, in that case, were resworn and the evidence retaken. In the case at bar, there was no necessity for a reswearing of the trier of facts, as the judge tries all cases upon his official oath. The issues were made up before the trial was concluded; hence the case of *State v. Saunders,* 53 Mo. 236, where the omission was sought to be cured by a *nunc pro tunc* entry after judgment, has no application.

There is no error in the record, and the judgment is affirmed. All the judges concur.