[No. 8210.   Department One.   December 1, 1909.]

THE STATE OF WASHINGTON, *Respondent*, v. CLIFF
KINGHORN, *Appellant*.[1]

CRIMINAL LAW—FORMER JEOPARDY—DISMISSAL AFTER JURY SWORN.
A plea of former jeopardy is properly sustained where the accused
had been placed on trial before a court of competent jurisdiction on
a sufficient indictment before a jury empaneled and sworn, when the
charge was dismissed on motion of the state without his consent or
any sufficient reason.

SAME—EXCUSE FOR DISMISSAL—TRIAL COMMENCED WITHOUT PLEA.
That the accused had been placed on trial before he had been ar-
raigned or had pleaded is not ground for dismissal by the state with-
out his consent, where he had thereafter entered a plea of not guilty,
as an issue was formed which put him in jeopardy.

FULLERTON, J., dissents.

Appeal from a judgment of the superior court for Snoho-
mish county, Black, J., entered December 21, 1908, upon a
trial and conviction of rape.   Reversed.

*E. C. Dailey*, for appellant.
*Ralph C. Bell*, for respondent.

GOSE, J.—The appellant was tried, convicted, and sen-
tenced upon an information charging him with having com-
mitted statutory rape.   After the jury had been impaneled
and sworn to try the case, and the state had sworn the prose-
cutrix as a witness and had commenced interrogating her,
the appellant objected to the introduction of any further evi-
dence, and moved to dismiss the case because he had not been
arraigned and had not pleaded to the information.   The mo-
tion having been denied, the appellant was arraigned under
the order of the court, and entered a plea of not guilty.
Thereupon, on the motion of the state, the jury was dis-
charged, and an exception reserved by the appellant.   An-
other jury was thereupon impaneled and sworn to try the

[1]Reported in 105 Pac. 234.

case. The appeal is prosecuted from a judgment entered upon the verdict of the latter jury.

After the second jury had been impaneled and sworn, the appellant entered a further plea of former jeopardy. The constitution, art. 1, § 9, provides that no person shall be twice put in jeopardy for the same offense. The appellant contends that the judgment violates this provision of our constitution. There is a division of authority on the question as to when the period of jeopardy begins, but we think the better rule and the one supported by the decided weight of authority is that, when the accused has been placed upon trial in a court of competent jurisdiction on a sufficient indictment, before a jury legally impaneled and sworn, the constitutional peril has attached, and that a discharge of the jury without good cause and without the consent of the accused is equivalent to an acquittal.

"While there is no jury set apart and sworn for the case, the defendant has not been conducted to his jeopardy. But when, according to the better opinion, the jury is full, sworn, and added to the other branch of the court, and all the preliminary things of record are ready for the trial, the prisoner has reached the jeopardy from the repetition of which our constitutional guaranty protects him." 1 Bishop, New Crim. Law, §1015.

"Though the jury has been impaneled and sworn, there is still no jeopardy, therefore no bar to second proceedings, unless the court is so clothed with authority and the prior proceedings are such that a judgment upon a verdict duly returned will be valid." Id. § 1020.

This view is recognized in State v. Lee Doon, 7 Wash. 308, 34 Pac. 1103, and in State v. Hubbell, 18 Wash. 482, 51 Pac. 1039, and by the following cases from other jurisdictions: Lee v. State, 26 Ark. 260, 7 Am. Rep. 611; State v. Walker, 26 Ind. 346; People v. Barret, 2 Caines (N. Y.) 100; Commonwealth v. Cook, 6 Serg. & Rawle (Pa.) 577, 9 Am. Dec. 465; Mount v. State, 14 Ohio 295, 45 Am. Dec. 542.

The other view, that jeopardy begins only after verdict is rendered, is condemned by Bishop as unsound in principle. He declares that the effect of such a holding is to make the constitution read that no man shall be twice "tried" for the same offense, thus confounding the danger or jeopardy of the thing and the thing itself. 1 Bishop, New. Crim. Law, §1018.

We next inquire whether there was good cause for discharging the jury. Had anything then occurred or been omitted which would have rendered a judgment erroneous on a verdict of guilty? We think not. When the appellant had been arraigned and pleaded not guilty, an issue was joined and the trial should have proceeded. *State v. Horine*, 70 Kan. 256, 78 Pac. 411; *Weaver v. State*, 83 Ind. 289; *Disney v. Commonwealth*, 9 Ky. Law 413, 5 S. W. 360; *State v. Weber*, 22 Mo. 321; *State v. Williard*, 39 Mo. App. 58; *Morris v. State*, 30 Tex. App. 95, 16 S. W. 757. In *State v. Straub*, 16 Wash. 111, 47 Pac. 227, we held that the failure to plead in a capital case could not be raised for the first time on appeal; that the omission was technical, and did not affect any substantial right of the accused. Applying the logic of that case to the case at bar, it will at once appear that, when the plea was entered, the irregularity was cured, and the trial should have proceeded in an orderly way before the jury then impaneled.

It follows from what we have said that the plea of former jeopardy should have been sustained and the appellant discharged. It was stated in oral argument by counsel for the appellant, and not denied by state's counsel, that the appellant and the prosecutrix have married and are now living together as husband and wife. This fact makes us less reluctant to adopt the view we have announced. The judgment will be reversed with directions to discharge the appellant.

Rudkin, C. J., Chadwick, and Morris, JJ., concur.

FULLERTON, J. (dissenting)—I am unable to concur in the holding that the defendant was in jeopardy by virtue of the proceedings had prior to the time he entered his plea, and I therefore dissent from the judgment pronounced by the majority.