(No. 35828.
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH FRIASON, Plaintiff in Error.

*Opinion filed September 22, 1961.*

ARNOLD L. COHEN, of Chicago, for plaintiff in error.

· WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER, and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

Defendant Joseph Friason was indicted on a charge of burglary, was found guilty by a jury in the criminal court of Cook County and sentenced to the penitentiary for not less than ten nor more than twenty years. He brings this writ of error contending that he was twice put in jeopardy for the same offense in violation of his constitutional rights.

Defendant was first placed on trial on this indictment before a jury on September 24, 1959. On that trial both the defendant and the State were entitled to twenty peremptory challenges. (Ill. Rev. Stat. 1959, chap. 38, par. 742.) However, the trial court refused to permit the State to exercise an eleventh peremptory challenge. When the jury was accepted, the State had exhausted ten and the defendant seven peremptory challenges. The jury was then sworn to try the issues in the case.

The People made an opening statement, one witness was examined and cross-examined, and a second prosecution witness was being examined when the first day of the trial was recessed. The following morning, before the trial resumed, the People asked the court to declare a mistrial on the ground that the People had been erroneously limited to ten peremptory challenges. The court declared a mistrial and discharged the jury. The defendant then moved orally for discharge on the ground of *autrefois acquit*. This motion was denied.

Three days later the defendant was again placed on trial and a jury was selected and sworn, whereupon defendant presented a written motion for discharge, suggesting that the second trial would twice place him in jeopardy and thus violate his constitutional rights. This motion was also denied. The trial proceeded, defendant was found guilty, and sentenced to a term in the penitentiary.

The defendant contends that if a jury is impaneled and sworn, the court cannot arbitrarily discharge the jury

prior to verdict, but if the court does discharge the jury, such action will operate as an acquittal.

The People argue that the court, in serving a manifest necessity and in order that the ends of public justice would not otherwise be defeated, properly declared a mistrial in the first trial, and properly denied the motion for discharge.

Unquestionably the defendant had been placed in jeopardy upon his first trial. The trial and jeopardy begin when the accused has been arraigned and the jury impaneled and sworn. (*People* v. *Watson,* 394 Ill. 177, 180; *O'Donnell* v. *People,* 224 Ill. 218.) Not only had the jury been impaneled and sworn but two witnesses had been examined.

The constitutional inhibitions against double jeopardy however do not apply to every case in which a mistrial has been granted after the commencement of the trial. We recognized in *Dreyer* v. *People,* 188 Ill. 40, that a jury may be discharged before verdict without consent of the defendant in cases of necessity. Since that time we have frequently restated the principle laid down in *United States* v. *Perez,* 9 Wheat. 579, 6 L. ed. 165, that a court has authority to discharge a jury without giving rise to a claim of double jeopardy "whenever in the court's opinion there is manifest necessity for such act or the ends of public justice would otherwise be defeated." *People* v. *Thomas,* 15 Ill.2d 344; *People* v. *Touhy,* 361 Ill. 332; *People* v. *Simos,* 345 Ill. 226; *People* v. *Peplos,* 340 Ill. 27.

In the *Dreyer* and *Touhy cases* we held the trial court properly discharged the jury when they were unable to agree. In the *Simos case* defendant failed to properly preserve his claim of double jeopardy for review. In *Peplos,* a mistrial was declared when it appeared that one of the jurors was clearly incompetent to serve. In the recent case of *People* v. *Thomas,* 15 Ill.2d 344, we held that it was proper to discharge the jury where the trial court had accused the defense attorney in the presence of the jury of "manufacturing" a defense. The basis for our decision in

that case, as in the *Peplos case,* was that error had so permeated the record, without the fault of the State, that it would be likely that a guilty verdict would be set aside. As we stated in *People* v. *Thomas,* 15 Ill.2d 344, 349-350: "Concepts of impartial justice and scrupulous fairness to a defendant do not include an opportunity to speculate upon the chance of a favorable verdict when, as in this case, a legal defect has substantially eliminated the chance of an unfavorable one."

While a wide variety of circumstances have been held to justify a mistrial without giving rise to a claim of double jeopardy (*People* v. *Thomas,* 15 Ill.2d 344; *Himmelfarb* v. *United States,* (9th cir.) 175 F.2d 294; Anns: 159 A.L.R. 750, 125 A.L.R. 694, 38 A.L.R. 706,) the constitutional guaranty against double jeopardy is a substantial one deeply ingrained in Anglo-American jurisprudence. (*People* v. *Peplos,* 340 Ill. 27, 30; *Green* v. *United States,* 355 U.S. 184, 2 L. ed. 2d 199; *United States* v. *Whitlow,* 110 F. Supp. 671.) The many cases denying a plea of double jeopardy after the discharge of a prior jury all appear to find their basis in the broad rule of manifest necessity and public justice announced in *United States* v. *Perez,* 9 Wheat. 579. (See *Wade* v. *Hunter,* 336 U.S. 684, 690, 93 L. ed. 979; *People* v. *Thomas,* 15 Ill.2d 344, 348.) It must be noted that the United States Supreme Court, in stating the broad and lasting rule of the *Perez case,* also admonished trial courts that "the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes * * *."

In the light of these cases, we must consider whether the trial judge abused his discretion in the case at bar. The record discloses no prejudice or incompetence on the part of any juror. There is no suggestion that the jury would be unable to reach a verdict, and no error had invaded the record to vitiate a verdict of guilty. Nor does the record disclose any objection by the State at the time it was limited

to ten peremptory challenges. Indeed, the State accepted the jury, made an opening statement and presented the testimony of two witnesses before advising the trial court of its inadvertent error and insisting on a mistrial.

Under these facts and circumstances we can find no manifest necessity for discharging the jury, nor can it be said that the inadvertent restriction of the State's peremptory challenges would defeat the ends of public justice. To hold otherwise would so enlarge the *Perez* exception as to render nugatory the basic constitutional guaranty against double jeopardy. It therefore follows that the defendant should have been discharged after the declaration of a mistrial. The judgment of the trial court must therefore be reversed.

*Judgment reversed.*