(No. 37817.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HERBERT LAWS, Plaintiff in Error.

*Opinion filed Sept. 27, 1963.—Rehearing denied Nov. 25, 1963.*

SCHAEFER, HERSHEY and SOLFISBURG, JJ., dissenting.

BERNARD J. McDONNELL and BERNARD J. McDON-NELL, JR., of Chicago, (FRANCIS X. RILEY, of counsel,) for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

At the conclusion of a bench trial in the criminal court of Cook County, the defendant, Herbert Laws, was found guilty of the unlawful sale of narcotic drugs and was sentenced to the penitentiary for a term of not less than ten nor more than twelve years. He prosecutes this writ of error contending that the trial court erred, and deprived him of his constitutional rights, when it denied his motion for discharge on the ground of former jeopardy.

Pertinent facts show that defendant was indicted on November 10, 1960, and that he entered a plea of not guilty when arraigned. Subsequently, he was permitted

to withdraw such plea and to file a motion to quash the indictment, but the motion was later denied. Although no further or new plea had been entered, trial was commenced on December 6, 1961, and after defendant had waived a jury the prosecution called its witnesses, presented its entire case and rested. At this stage defense counsel pointed out that the clerk's memorandum of an order entered at the start of trial incorrectly stated: "Plea of not guilty heretofore entered," and upon his motion, consented to by the prosecution, the record was corrected to show that no plea had been entered. Following this an assistant State's Attorney moved for a mistrial, stating "there never was a trial at all in view of the fact no plea was entered," and over defendant's objection a mistrial was declared. Defendant was then arraigned, his counsel agreed to accept the same list of witnesses to an oral confession, and the cause was continued.

At the time the mistrial was declared, we digress to state, it is patent that both the court and counsel were unaware of our decision in *People* v. *Hill*, 17 Ill.2d 112, filed in May, 1959, wherein we held that under circumstances comparable to those of the present case, the entry of a formal plea of not guilty was not essential to a valid judgment.

After various motions and extended hearings during which the prosecution, now fully aware of the *Hill* decision, unsuccessfully sought to vacate the order for a mistrial, a change of venue was granted to defendant and the case assigned to another judge. When a second trial was commenced in June, 1962, defendant filed a motion for discharge alleging that the second trial would subject him to double jeopardy and thus violate his constitutional rights, but such motion was denied, after which the trial continued to completion and resulted in conviction. The principal issue before us is the correctness of the court's ruling on the motion for discharge.

Although advanced to us as an alternative proposition, our attention must necessarily be directed first to a contention of the People that the motion was properly denied because defendant was not in fact put in jeopardy upon the occasion of the first trial. The theory advanced is that issue must be joined before jeopardy can attach, and that issue had not been joined in the first proceeding since defendant's plea of not guilty had been withdrawn and not renewed when trial commenced. However, any validity of such a theory has vanished with our decision in *People* v. *Hill,* 17 Ill.2d 112, wherein we aligned ourselves with those jurisdictions which hold that the requirement of arraignment and plea in criminal trials is a mere formality, and inessential to a valid judgment of conviction in the absence of a showing that rights of the defendant were in some manner adversely affected by such omission. Under this rule arraignment and plea are not necessary for jeopardy to attach. (*Clawans* v. *Rives,* (D.C. cir.) 104 F.2d 240, 242; 22 C.J.S. Criminal Law, sec. 247.) But where, as here, a case is heard without a jury, jeopardy attaches when the accused is subjected to a charge and the court has begun to hear evidence. (*Hunter* v. *Wade,* (10th cir.) 169 F.2d 973, *McCarthy* v. *Zerbst,* (10th cir.) 85 F.2d 640. From what is shown in the record it is unquestionable that defendant had been placed in jeopardy upon the first trial.

Section 10 of article II of the Illinois constitution provides that: "No person shall * * * be twice put in jeopardy for the same offense." The fifth amendment to the United States constitution, the commands of which are made binding on the States by the due-process clause of the fourteenth amendment, makes substantially the same provision. It is settled, however, that to be twice tried for the same offense is not necessarily to be twice put in jeopardy, and under a variety of circumstances, including instances where the first proceeding has ended in a

mistrial, our courts have held that a second trial does not give rise to a claim of double jeopardy. See: *People* v. *Friason,* 22 Ill.2d 563; *People* v. *Thomas,* 15 Ill.2d 344; *Himmelfarb* v. *United States,* (9th cir.) 175 F.2d 924.

The question whether a subsequent trial, after an earlier trial has ended in a mistrial, constitutes double jeopardy usually depends on whether the court acted properly in declaring a mistrial. In deciding the latter issue we have consistently adhered to the elastic rule first laid down in *United States* v. *Perez,* 9 Wheat. 579, 6 L. ed. 165, *viz.,* that a court has authority to discharge a jury or declare a mistrial, without giving rise to a claim of double jeopardy, whenever in the court's opinion "there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated." (See: *People* v. *Friason,* 22 Ill.2d 563; *People* v. *Touhy,* 361 Ill. 332; *People* v. *Simos,* 345 Ill. 226.) And while recognizing that the ruling of the trial court granting a mistrial is not subject to review in the absence of an abuse of discretion, (*People* v. *Thomas,* 15 Ill.2d 344, 348), we have also heeded the admonition of *Perez* that "the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes * * *." See: *People* v. *Friason,* 22 Ill.2d 563, 566; cf. *Downum* v. *United States,* 372 U.S. 734, 10 L. ed. 2d 100.

It emerges clearly from the record in the instant case that the sole ground for declaring the mistrial was the mistaken belief that arraignment and a plea of not guilty were necessary before there could be a valid trial and judgment. This was not the law, and had not been the law since our opinion in *People* v. *Hill,* 17 Ill.2d 112, which was filed in excess of 18 months before the defendant here was tried. Such being the case, neither manifest necessity nor the ends of justice required or justified the mistrial, for under *Hill* a plea of not guilty was not essential to a valid trial or a valid judgment. The constitutional guaranty against double

jeopardy is one that is deeply rooted in our system of jurisprudence, (*People* v. *Peplos,* 340 Ill. 27; *Green* v. *United States,* 355 U.S. 184, 2 L. ed. 2d 199,) and may not be needlessly or lightly frittered away. Under the circumstances here, where the trial could have proceeded to a valid judgment, it is our opinion that it was an abuse of discretion to declare a mistrial. The constitutional prohibition against double jeopardy, it was observed in *United States* v. *Ball,* 163 U.S. 662, 669, 41 L. ed. 300, 302, is "not against being twice punished, but against being twice put in jeopardy." This is precisely what happened to the defendant in this case.

Citing *Gori* v. *United States,* 367 U.S. 364, 6 L. ed. 2d 901, wherein the high court refused to review the propriety of the trial court's action because it was plain the mistrial had been declared out of solicitude for the accused, the People urge that the mistrial here was "in the sole interest of the defendant," and thus could not constitute an abuse of discretion or a bar to a second trial. This contention is completely without support in the record. The mistrial was granted over defendant's objection, and the circumstances under which it was declared admit of little doubt that the action was taken for the convenience and protection of the prosecution. Surely it was not in the "sole interest" of defendant to permit the prosecution to start over for a purpose of insuring that a valid judgment of conviction could be entered against him.

In like manner the suggestions of the People that defendant consented to the mistrial, that he waived his right not to be put in jeopardy twice and that the declaration of the mistrial came as the result of defendant's own action, find no support in the record. They are arrived at by ignoring defendant's objections to the order of mistrial, and by attributing to defendant a clairvoyant power to predetermine that the prosecution would seek and be granted a mistrial.

For the reasons stated, we conclude that it was error to deny defendant's motion for discharge. Accordingly, the judgment of the circuit court of Cook County is reversed.

*Judgment reversed.*

Mr. JUSTICE SCHAEFER, dissenting:

In my opinion the constitutional safeguards against double jeopardy have not been violated in this case. It is true that jeopardy had attached upon the first trial. But there is more to the case than that, for the defendant was largely responsible for the unfortunate procedural snarl that ultimately resulted in the mistrial.

The defendant originally pleaded guilty, but later requested and was granted leave to withdraw his plea and file a motion to quash the indictment. His motion to quash was heard and overruled. Thereafter he waived a trial by jury and the trial proceeded before the court. At the conclusion of the State's case the defendant moved for a finding of not guilty. Everyone, including the defendant, appears to have proceeded to this point upon the assumption that a plea of not guilty was on file.

When the defendant's motion for a finding of not guilty was overruled, he moved at once to correct the record and for a new trial. On the following day he requested and was granted permission to withdraw his motion for a new trial. Thereafter a mistrial was finally allowed and the case was transferred to another judge who overruled the defendant's claim of double jeopardy and tried the case.

Whether the defendant's attorney knew of our decision in *People* v. *Hill*, 17 Ill.2d 112, when he called the court's attention to the absence of a formal plea can not be determined from the record. It is certain, however, that neither the assistant State's attorneys nor the judge were aware of it. When the prosecution learned of it they sought to vacate the order granting the mistrial, but the defendant's attorney objected.

Under our decision in *People* v. *Hill,* the original trial could have proceeded to judgment without a formal plea. That is what would have happened if the defendant had not made his motions. Those motions seem to have been calculated to suggest to the trial judge that the court was without jurisdiction to proceed, which was true under the technical view that prevailed until it was laid to rest in *People* v. *Hill.*

The constitutional right not to be twice put in jeopardy for the same offense should be zealously protected. The phrase "double jeopardy" is not, however, a magic incantation that automatically discharges a defendant without regard to the circumstances under which he came to be placed in jeopardy a second time. In the case before us the prosecution and the court were led by the defendant's attorney into a course of conduct that would not otherwise have occurred. There was double jeopardy, but it was self-induced.

That a discharge of the defendant does not automatically follow in a situation like this one is illustrated by the decision of the Supreme Court of the United States in *Lovato* v. *New Mexico,* 242 U.S. 199. There the defendant first pleaded guilty, then without withdrawing his plea he demurred to the indictment. The demurrer was overruled, a jury was impanelled and sworn and the witnesses were sworn. Thereafter upon motion of the district attorney which pointed out that the defendant had not pleaded after his demurrer was overruled, the court dismissed the jury. The defendant was at once arraigned and pleaded not guilty. The same jury was again impanelled and sworn, and the trial proceeded. To the defendant's claim of double jeopardy, the Supreme Court responded, "* * * we think the contention that the accused was twice put in jeopardy is wholly without merit. Under the circumstances there was in the best possible view for the accused a mere irregularity of procedure which deprived him of no right. Indeed, when it is born in mind that the situation upon which the court

acted resulted from entertaining a demurrer to the indictment after a plea of not guilty had been entered and not withdrawn, it is apparent that the confusion was brought about by an over-cautious purpose on the part of the court to protect the rights of the accused. Whether or not under the circumstances it was a necessary formality to dismiss the jury in order to enable the accused to be again arraigned and plead, the action taken was clearly within the bounds of sound judicial discretion. *United States* v. *Perez,* 9 Wheat. 579, 580; *Dreyer* v. *Illinois,* 187 U.S. 71, 85-86. See *United States* v. *Riley,* 5 Blatchf. 204, in which the facts were in substance identical with those here presented." A contrary view was expressed in *State* v. *Kinghorn,* (1909) 56 Wash. 131, 105 P. 234, but that decision was overruled in *State* v. *Brunn* (1945) 22 Wash. 2d 120, 154 P.2d 826.

In my opinion the trial court properly overruled the defendant's claim of double jeopardy, and this court should so hold, and proceed to a consideration of the other issues in the case.

HERSHEY, and SOLFISBURG, JJ., join in this dissent.