THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DONNA JEAN LUALLEN, Defendant-Appellant.
Fourth District   No. 4—89—0220

Opinion filed September 28, 1989.

James E. Swanson and Joseph M. Gibson, both of Peoria, for appellant.

Charles Colburn, State's Attorney, of Jacksonville (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:
On November 17, 1988, after a jury was impaneled for trial involving defendant Donna Luallen, the circuit court of Morgan County declared a mistrial and dismissed the charge of driving under the influence of alcohol (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501), finding the State had violated defendant's due process rights by losing a valuable piece of evidence. On December 12, 1988, pursuant to the State's motion to reconsider, the court vacated its previous order and reinstated the criminal charge. Defendant now appeals, alleging this pros-

ecution is now barred by the double jeopardy clause of the fifth amendment. We disagree and affirm.

After her jury was impaneled, it came to light that the State could not locate the videotape taken of defendant shortly after her arrest. Defendant, arguing this evidence was vital to her case, moved for a dismissal of the charges. The court, even though it found the evidence was missing through no intentional conduct on the part of the State, declared a mistrial and dismissed the charge.

Eight days later, the United States Supreme Court handed down its decision in *Arizona v. Youngblood* (1988), 488 U.S. 51, 58, 102 L. Ed. 2d 281, 289, 109 S. Ct. 333, 337, where it held that unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law. Accordingly, the State, within 30 days of the original decision, filed a motion to reconsider based on *Youngblood.* The court granted the motion and reinstated the charges.

Defendant's sole argument is that the State is barred by the doctrine of double jeopardy from prosecuting the charges. She argues that the court did not intend to declare a mistrial, which is subject to retrial, but actually dismissed the charges, which terminates the case. Further, she argues since the ground for dismissal is not contained in section 114—1 of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1987, ch. 38, par. 114—1), it is not subject to appeal by the State under Supreme Court Rule 604(a)(1) (107 Ill. 2d R. 604(a)(1)). Accordingly, she argues that the court's decision essentially "amounted to an acquittal in its substantive effect." However, defendant's position is mistaken.

■ First, and foremost, the United States Supreme Court in *United States v. Scott* (1978), 437 U.S. 82, 57 L. Ed. 2d 65, 98 S. Ct. 2187, definitively answered this question contrary to defendant's position. There, the defendant moved before and during trial to have the case dismissed for preindictment delay. At the close of all the evidence, the trial court granted the motion. On appeal, the appellate court concluded any further prosecution of defendant was barred by the double jeopardy clause of the fifth amendment. The Supreme Court disagreed and reversed. It concluded that when a defendant has his case dismissed in midtrial, pursuant to his motion, he has been "neither acquitted nor convicted, because he himself successfully undertook to persuade the trial court not to submit the issue of guilt or innocence to the jury which had been impaneled to try him." (*Scott,* 437 U.S. at 99, 57 L. Ed. 2d at 79, 98 S. Ct. at 2198.) Accordingly, the Court concluded that where a defendant himself seeks to have the

trial terminated without any submission to either judge or jury as to his guilt or innocence, the double jeopardy clause does not apply. *Scott*, 437 U.S. at 101, 57 L. Ed. 2d at 80, 98 S. Ct. at 2198.

■ The original dismissal in the present case was based, not on a resolution of defendant's guilt or innocence, but on a perceived due process problem concerning preservation of evidence. Thus, this case falls squarely under the ambit of *Scott*, and the double jeopardy clause does not apply.

Defendant's argument further suggests that the court was without power to reconsider its decision because it was a nonappealable order. This reasoning is similarly erroneous.

■ The State's right to appeal is not limited, as defendant argues, to those grounds for dismissal contained in section 114—1 of the Code. Rather, the reference to section 114—1 in Supreme Court Rule 604(a) (107 Ill. 2d R. 604(a)) was intended to make clear that the State had a right to appeal from a dismissal for any of the grounds contained therein. (*People v. Lawson* (1977), 67 Ill. 2d 449, 455, 367 N.E.2d 1244, 1246-47; *People v. Love* (1968), 39 Ill. 2d 436, 439, 235 N.E.2d 819, 821-22.) The State retained the right to appeal in any other case involving a judgment in which the substantive effect resulted in the dismissal of the case. (*Lawson*, 67 Ill. 2d at 455, 367 N.E.2d at 1247; *Love*, 39 Ill. 2d at 439-40, 235 N.E.2d at 822.) It is evident then the court's original decision could have been appealed.

It is also established that in criminal, as well as civil matters, the circuit court is given the opportunity to reconsider final appealable judgments and orders within 30 days of their entry. (*People v. Heil* (1978), 71 Ill. 2d 458, 461, 376 N.E.2d 1002, 1003.) Therefore, it is apparent the court acted within its authority in reconsidering its original decision.

Affirmed.

KNECHT and STEIGMANN, JJ., concur.