THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
NEIL MARTY, Defendant-Appellee.

Fourth District   No. 4—92—0396

Opinion filed February 25, 1993.

Thomas J. Difanis, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Beth McGann, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Lerner & Kirchner, of Champaign (Arthur M. Lerner, of counsel), for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Defendant, Neil Marty, was charged with driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1991, ch. 95½, par. 11—501(a)(2)) and driving without headlights when required (Ill. Rev. Stat. 1989, ch. 95½, par. 12—201(b)). At trial, the prosecutor questioned the arresting officer regarding whether defendant was read his *Miranda* rights and whether defendant refused to answer questions presented to him by the officer while he was in custody. The witness testified he read defendant his rights and defendant refused to answer questions. Defendant immediately requested a mistrial, which was allowed. Thereafter, the trial court dismissed the charges with prejudice. The State appeals, and we reverse and remand.

On January 11, 1992, at approximately 12:40 a.m., Mark Medlyn, a police officer with the Champaign police department, saw a vehicle being driven with only its parking lights on, even though the hour required the use of headlights. Medlyn noticed the vehicle made a wide right turn and straddled the lanes. Medlyn followed the vehicle. The driver parked in a parking spot in front of the Tumble Inn bar, at which time Medlyn activated his squad car lights. When Medlyn approached the car he noticed a moderate odor of alcohol on defendant's breath. Upon questioning, defendant indicated he had consumed a couple of beers. Defendant failed to successfully perform some sobriety tests requested of him by Medlyn.

Defendant was placed under arrest and transported to the police station. Medlyn read the "warnings to motorists" (which advises motorists about the various penalties for refusing to take a breath test) to defendant. Defendant indicated he understood the contents of the document and thereafter refused to submit to a breath test. Medlyn read defendant his *Miranda* rights and asked defendant to answer some questions. Defendant refused to answer any further questions. Defendant was then charged with DUI and driving without headlights when required.

The case was called for jury trial in April 1992. The prosecutor gave her opening statement as to what she believed the evidence would show. Defense counsel gave his opening statement regarding how he felt the evidence would differ from that described by the prosecutor. Additionally, defense counsel told the jury the evidence would show after defendant was brought to the police station he was given his *Miranda* warnings, "and he refused to answer any questions."

Medlyn, the State's first witness, testified it was his opinion defendant was under the influence of alcohol since (1) defendant was

driving without headlights, made wide turns from street to street, and did not drive in a single lane but straddled two lanes; and (2) he smelled alcohol on defendant's breath, and defendant admitted having consumed beer and failed to successfully perform the field-sobriety tests. During direct examination of Medlyn, the prosecutor asked how defendant responded after Medlyn read defendant his *Miranda* rights. Medlyn testified defendant had refused to answer any further questions after being read his *Miranda* rights. Defense counsel then moved for mistrial and the trial court granted the motion. Subsequently, the trial court granted a mistrial and dismissed the charges with prejudice. This appeal followed.

### I. Can The State Appeal The Dismissal?

■ Defendant has filed a motion to dismiss the appeal, arguing (1) Supreme Court Rule 604 (134 Ill. 2d R. 604) does not allow the State to appeal under the circumstances of this case, and (2) the State did not file a post-trial motion. Under Rule 604, the State may appeal from an order suppressing evidence or from "an order or judgment the substantive effect of which results in dismissing a charge for any grounds enumerated in section 114—1 of the Code of Criminal Procedure [of 1963 (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 114—1)]." (134 Ill. 2d R. 604; see *People v. Bean* (1985), 135 Ill. App. 3d 336, 338-39, 481 N.E.2d 888, 890.) Section 114—1 of the Code lists a variety of grounds on which a charge may be dismissed, but only by way of pretrial motion. (*Bean*, 135 Ill. App. 3d at 338-39, 481 N.E.2d at 890.) Here, the dismissal was not at the pretrial stage. The jury had already been sworn, opening arguments had been made and the State had called its first witness to testify. Consequently, the dismissal did not fall within the list of pretrial dismissals enumerated in section 114—1 of the Code. *Bean*, 135 Ill. App. 3d at 339, 481 N.E.2d at 890; *People v. Dellecarto* (1978), 67 Ill. App. 3d 490, 495, 384 N.E.2d 902, 906.

The State's right to appeal is not, however, limited to those orders specifically listed in section 114—1 of the Code. (*People v. Luallen* (1989), 188 Ill. App. 3d 862, 864, 544 N.E.2d 1206, 1208; *Bean*, 135 Ill. App. 3d at 339, 481 N.E.2d at 890.) The State has the right to appeal in any case of judgment the effect of which resulted in the dismissal of a charge. (*People v. Lawson* (1977), 67 Ill. 2d 449, 455, 367 N.E.2d 1244, 1247; *People v. Love* (1968), 39 Ill. 2d 436, 439, 235 N.E.2d 819, 821-22; *Luallen*, 188 Ill. App. 3d at 864, 544 N.E.2d at 1208; *Bean*, 135 Ill. App. 3d at 339, 481 N.E.2d at 890.) The charges

were dismissed here; consequently, the State has the right to appeal the trial court's order.

As to the State's failure to file a post-trial motion, neither Supreme Court Rule 604 nor section 114—1 of the Code places a requirement upon the State to file any type of post-trial motion to perfect an appeal. If the legislature or the supreme court intended to place such a requirement upon the State, it could have done so. We note, for example, Supreme Court Rule 604(d), regarding appeal by a defendant from judgment entered upon a plea of guilty, requires the defendant, within 30 days of the date on which the sentence is imposed, to file a motion to withdraw his guilty plea in order to perfect the issue for appeal. (134 Ill. 2d R. 604(d).) Likewise, section 116—1 of the Code, which pertains to motions for new trial, requires the defendant to file such motion within 30 days of the verdict or finding of guilty and such motion must specify the grounds for the court to grant a new trial (Ill. Rev. Stat. 1989, ch. 38, par. 116—1); and section 116—2 of the Code, which pertains to motions in arrest of judgment, requires the defendant to file such motion within 30 days of the verdict or finding of guilty and the section also sets out the grounds for the court to grant such a motion (Ill. Rev. Stat. 1989, ch. 38, par. 116—2). Accordingly, we deny defendant's motion to dismiss.

## II. DID THE TRIAL COURT ERR IN DISMISSING THE CHARGES?

On appeal, the State argues the trial court erred in dismissing the charges with prejudice. The double jeopardy clause of the United States Constitution, enforceable against the State through the fourteenth amendment (U.S. Const., amend. XIV), provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb ***." (U.S. Const., amend. V.) Section 10 of article I of the Illinois Constitution provides the same protection. Ill. Const. 1970, art. I, §10; *People v. Ortiz* (1992), 151 Ill. 2d 1, 9, 600 N.E.2d 1153, 1156.

The doctrine of double jeopardy prevents the reprosecution of persons who are acquitted of a criminal offense. (*United States v. Scott* (1978), 437 U.S. 82, 88, 57 L. Ed. 2d 65, 72, 98 S. Ct. 2187, 2192; *Ortiz*, 151 Ill. 2d at 9, 600 N.E.2d at 1156.) Double jeopardy attaches when the jury is impanelled and sworn. (*People ex rel. Roberts v. Orenic* (1981), 88 Ill. 2d 502, 507, 431 N.E.2d 353, 356; *Bean*, 135 Ill. App. 3d at 339, 481 N.E.2d at 891.) However, the rules governing double jeopardy should not be applied mechanically when the interests they protect are not endangered and when their mechanical application would frustrate society's interests in enforcing its criminal laws.

(*People v. Deems* (1980), 81 Ill. 2d 384, 388, 410 N.E.2d 8, 10.) The Illinois Supreme Court has held " ' "the conclusion that jeopardy has attached begins, rather than ends, the inquiry as to whether the Double Jeopardy Clause bars retrial." ' *Serfass v. United States* (1975), 420 U.S. 377, 390, 43 L. Ed. 2d 265, 275, 95 S. Ct. 1055, 1064, quoting *[Illinois v.] Somerville* [(1973)], 410 U.S. [458,] 467, 35 L. Ed. 2d [425,] 433, 93 S. Ct. [1066,] 1072." (*Ortiz*, 151 Ill. 2d at 10, 600 N.E.2d at 1156.) If the circuit court's order is functionally indistinguishable from a declaration of mistrial, double jeopardy may not preclude reprosecution. *Ortiz*, 151 Ill. 2d at 11, 600 N.E.2d at 1157.

We first consider whether the trial court's order is more like an acquittal or a dismissal of charge. (See *Ortiz*, 151 Ill. 2d at 10, 600 N.E.2d at 1156; *Bean*, 135 Ill. App. 3d at 340, 481 N.E.2d at 891.) Defendant contends the trial court's dismissal with prejudice was an acquittal. The State disagrees, arguing the trial court's dismissal was based neither on defendant's guilt or innocence, nor on the insufficiency of the evidence. If it is an acquittal, double jeopardy precludes reprosecution. See *Scott*, 437 U.S. at 88, 57 L. Ed. 2d at 72, 98 S. Ct. at 2192; *Ortiz*, 151 Ill. 2d at 9, 600 N.E.2d at 1156.

Defendant relies on *Bean*. There, after the jury was impanelled and sworn and the parties made opening statements, the trial court ordered a recess to await the arrival of the State's witnesses. After two hours the witnesses had not arrived and the State requested a recess until the following morning. Defendant moved to dismiss the residential burglary charge against him for want of prosecution, whereupon the trial court denied the State's motion for a continuance and granted defendant's motion to dismiss. On appeal, the court found that the State simply failed to produce sufficient evidence to convict the defendant and, as such, the order amounted to an acquittal. *Bean*, 135 Ill. App. 3d at 341, 481 N.E.2d at 891-92.

■ Here, however, it was not the failure of the State to produce sufficient evidence which caused the trial court to grant the mistrial with prejudice, but a perceived violation of defendant's fifth amendment rights. This court has held double jeopardy does not bar a subsequent prosecution where the trial court granted a mistrial based, not on a resolution of defendant's guilt or innocence, but on a perceived due process problem concerning the State's failure to preserve a valuable piece of evidence. (*Luallen*, 188 Ill. App. 3d at 864, 544 N.E.2d at 1207.) We conclude this order was not an acquittal as it was not based on a jury verdict of not guilty or a ruling by the trial court that the evidence was insufficient to convict. *Scott*, 437 U.S. at 91, 57 L. Ed. 2d at 74, 98 S. Ct. at 2194.

We next consider whether the trial court abused its discretion in granting the mistrial with prejudice and dismissing the charge against defendant. (*Ortiz*, 151 Ill. 2d at 12, 600 N.E.2d at 1157.) In determining whether a trial court abused its discretion in granting a midtrial dismissal, we must determine whether there was a manifest necessity for the order. *Ortiz*, 151 Ill. 2d at 11, 600 N.E.2d at 1157; *People v. Laws* (1963), 29 Ill. 2d 221, 225, 193 N.E.2d 806, 808.

■ Generally, when a defendant deliberately chooses "to seek termination of the proceedings against him on a basis unrelated to factual guilt or innocence," the State is not barred from reprosecuting him. (*Scott*, 437 U.S. at 98-99, 57 L. Ed. 2d at 79, 98 S. Ct. at 2198.) Prosecutorial conduct which may be viewed as overreaching or harassment, even if sufficient to justify the trial court's grant of a mistrial, is not a bar to reprosecution unless the prosecutor intended to "goad" defendants into moving for a mistrial. (*Oregon v. Kennedy* (1982), 456 U.S. 667, 675-76, 72 L. Ed. 2d 416, 424-25, 102 S. Ct. 2083, 2089; see also *People v. Gomez* (1980), 84 Ill. App. 3d 785, 788, 406 N.E.2d 886, 888.) Here, there was no evidence the prosecutor attempted to "goad" defendant into moving for a mistrial (*Kennedy*, 456 U.S. at 676, 72 L. Ed. 2d at 425, 102 S. Ct. at 2089) and, in granting the dismissal, the trial court noted, "I don't believe that this is a matter that there was any thought that there was a violation of the Defendant's right by the prosecutor, so I don't believe that this is a blatant disregard for the Defendant's rights." Double jeopardy did not require the trial court to dismiss the charge (see *Luallen*, 188 Ill. App. 3d at 864, 544 N.E.2d at 1207), and there was no manifest necessity for the midtrial dismissal. *Ortiz*, 151 Ill. 2d at 16, 600 N.E.2d at 1159.

While the trial court's grant of a mistrial was within its discretion (*Laws*, 29 Ill. 2d at 225, 193 N.E.2d at 808), the trial court abused its discretion when it granted a midtrial dismissal in favor of defendant's motion to dismiss "before there was any determination of factual guilt or innocence." *Ortiz*, 151 Ill. 2d at 13, 600 N.E.2d at 1158.

We reverse and remand to the circuit court of Champaign County for a new trial.

Reversed and remanded.

STEIGMANN, P.J., and LUND, J., concur.