THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. WILLIE B. SANDERS, Defendant-Appellee.

Second District    No. 2—99—0659

Opinion filed September 21, 2000.—Rehearing denied November 1, 2000.

Paul A. Logli, State's Attorney, of Rockford (Glen A. Weber, Assistant State's Attorney, and Martin P. Moltz and Diane L. Campbell, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

G. Joseph Weller and Kathleen J. Hamill, both of State Appellate Defender's Office, of Elgin, for appellee.

JUSTICE GALASSO delivered the opinion of the court:

The defendant, Willie B. Sanders, was indicted on two counts of first degree murder (720 ILCS 5/9—1(a)(1), (a)(2) (West 1996)) in con-

nection with the death of Jacqueline D. Trammell-Anderson (the victim). Prior to trial, the State filed a series of motions *in limine* seeking to exclude the defendant from offering evidence of the victim's violent behavior between 1977 and 1996. The trial court granted some of the motions, denied others, and denied others in part. The State filed a certificate of impairment and appeals from the trial court's ruling.

On appeal, the State contends that the trial court erred in admitting evidence of the victim's violent behavior because the State was prepared to concede that the victim was the first aggressor. Alternatively, assuming some of the evidence was admissible, the State contends that the trial court should have limited the evidence sought to be admitted.

At the outset, the State, anticipating a challenge to this court's jurisdiction, contends that the denial of certain of its motions *in limine* impaired its prosecution of the murder charges against the defendant and had the substantive effect of dismissing the charges of first degree murder. We disagree and dismiss the State's appeal.

■ Supreme Court Rule 604(a)(1) (145 Ill. 2d R. 604(a)(1)) restricts the State's right to appeal in criminal cases to four situations. Under the rule, the State may appeal only from an order or judgment that has the substantive effect of (1) dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/114—1 (West 1996)); (2) arresting judgment because of a defective indictment, information, or complaint; (3) quashing an arrest or search warrant; or (4) suppressing evidence. *People v. Truitt*, 175 Ill. 2d 148, 151 (1997).

■ The State suggests the fact that the prosecutor filed a certificate of impairment renders the trial court's order appealable. In *Truitt*, our supreme court rejected the State's premise that the certification forecloses any further assessment of a suppression order by the reviewing court and renders the order automatically appealable. *Truitt*, 175 Ill. 2d at 152. While it should not second-guess a prosecutor's good-faith evaluation of the effect of a suppression order on his case, the reviewing court must first determine whether a pretrial evidentiary ruling constitutes a suppression order within the meaning of Rule 604(a)(1). *Truitt*, 175 Ill. 2d at 152. In the case before us, the trial court did not dismiss the charges against the defendant. Therefore, regardless of the certificate of impairment, we must determine, first, if the trial court's denial of the motions *in limine* had the "substantive effect" of dismissing the first degree murder charges against the defendant.

The State's position may be summed up as follows: the admission

of evidence that the victim had a 22-year history of violent behavior prevents the State from prosecuting the defendant for first degree murder. The State relies on several cases in support of the above theory.

In *People v. DeJesus*, 127 Ill. 2d 486 (1989), the defendant was tried as an adult, but the trial court ruled that she should be sentenced under the Juvenile Court Act of 1987 (Juvenile Court Act) (now 705 ILCS 405/1—1 *et seq.* (West 1996)). The supreme court recognized that the State has an interest in seeking prosecution under the criminal laws based upon the different dispositional alternatives available under the Unified Code of Corrections (now 730 ILCS 5/1—1—1 *et seq.* (West 1996)) and the Juvenile Court Act. Since the court's ruling terminated the criminal prosecution, the State had a right to appeal pursuant to Rule 604(a)(1). *DeJesus*, 127 Ill. 2d at 496.

In *People v. Tellez*, 295 Ill. App. 3d 639 (1998), the information charging the defendant with neglect of a disabled person specified that it was a Class 3 felony. The trial court struck the "Class 3 felony" language from the indictment and ruled that the offense was a business or petty offense. The State filed a certificate of impairment and appealed the trial court's ruling. In denying the defendant's motion to dismiss the appeal, this court held that the State could appeal because the substantive effect of the trial court's action was to dismiss a Class 3 felony charge and to replace it with a petty offense charge. *Tellez*, 295 Ill. App. 3d at 641.

Finally, in *People v. Marty*, 241 Ill. App. 3d 266 (1993), following the declaration of a mistrial, the trial court dismissed the criminal charges against the defendant with prejudice, and the State appealed. The reviewing court denied the defendant's motion to dismiss, holding that the State's right of appeal was not limited to those orders specifically listed in section 114—1 and that, since the State had the right to appeal a judgment the effect of which resulted in the dismissal of a charge, the trial court's dismissal of the charges in this case was appealable by the State. *Marty*, 241 Ill. App. 3d at 268-69.

■ None of these cases provide support for the State's theory. In *Marty*, for example, the charges against the defendant were in fact dismissed. Therefore, the jurisdictional basis for the State's appeal was clear. In *Tellez*, the trial court's action prevented the State from trying the defendant on a felony, which would carry far greater consequences for the defendant than would a petty or business offense charge. Similarly, in *DeJesus*, the trial court's ruling that the defendant be sentenced as a juvenile rather than an adult effectively terminated the criminal prosecution because of the different sentencing alternatives under the Juvenile Court Act and the Unified Code of Corrections.

In the present case, while the evidence of the victim's history of violent behavior may increase the difficulty the State may encounter ultimately in convincing the jury that the defendant committed first degree murder in the killing of the victim, it does not amount to the dismissal of the first degree murder charges. Unlike the above cases, the trial court's ruling on the motions *in limine* did not prevent the State from trying the defendant on first degree murder charges. The ruling does not prevent or hinder the State from proving each and every element of the offense of first degree murder. The victim's history of violent behavior is relevant evidence a defendant may avail himself of when he raises the theory of self-defense. See *People v. Lynch*, 104 Ill. 2d 194, 200 (1984) (when the theory of self-defense is raised, the victim's aggressive and violent character is relevant to show who was the aggressor, and the defendant may show it by appropriate evidence, regardless of when he learned of it).

We find the State's reliance on this court's decisions in *People v. Smith*, 248 Ill. App. 3d 351 (1993), and *People v. Hatfield*, 161 Ill. App. 3d 401 (1987), to be equally misplaced. Based on language from both cases, the State argues that the only requirement to render the order appealable is that the ruling "substantially" impairs the ability of the State to prosecute the crime. See *Smith*, 248 Ill. App. 3d at 356-57; *Hatfield*, 161 Ill. App. 3d at 405-06. However, both of those cases involved orders that this court found, in effect, suppressed evidence. Under Rule 604(a)(1), orders suppressing evidence may be appealed by the State. The instant case involves neither an order suppressing evidence nor a dismissal order. As we stated earlier, before we accept the State's certification that the order appealed from impairs its ability to prosecute the case, we must determine, first, if the order has the effect of dismissing the case. In this case, we have found that it does not.

We conclude, therefore, that since the trial court's order denying and denying in part the State's motions *in limine* was not an order the effect of which was to dismiss the first degree murder charges against the defendant, the State may not appeal from that order.

Therefore, we dismiss the State's appeal.

Appeal dismissed.

BOWMAN, P.J., and HUTCHINSON, J., concur.